UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN VILLAFANE MARTINEZ,

                Petitioner,                Case No. 1:11-cv-109

v.                                          Honorable Paul L. Maloney

CARMEN PALMER,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Juan Villafane Martinez presently is incarcerated at the Michigan Reformatory. He pleaded guilty in the Kent County Circuit Court to one count of first-degree criminal sexual conduct (CSC) involving a person under 13 years, MICH. COMP. LAWS § 750.520b(1)(a). In exchange for the plea, three other counts of CSC were dismissed. On September 9, 2004, Petitioner was sentenced to a prison term of 12 to 40 years.

Following the issuance of *Halbert v. Michigan*, 545 U.S. 605 (2005), Petitioner filed an untimely request for appointment of appellate counsel, which was denied by the circuit court on January 19, 2006. Petitioner filed a delayed application to the Michigan Court of Appeals on the denial of his motion to appoint counsel. The court of appeals granted leave to appeal and, on July 22, 2008, the court reversed the circuit court and remanded the case for appointment of counsel. The State Appellate Defender Office was appointed to perfect an appeal and/or pursue postconviction remedies in the trial court. Petitioner filed a motion for resentencing, which, after two hearings, was denied on July 28, 2009. Petitioner then filed a delayed application for leave to appeal to the court of appeals, raising the three sentencing issues presented to the trial court. In an order issued October 5, 2009, the court of appeals denied leave to appeal. Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on January 29, 2010.

In his habeas application, filed on or about January 26, 2011, Petitioner raises the same three sentencing claims presented to and rejected by the state courts:

   I.   THE SENT[EN]CE IN THIS CASE, WHICH WAS BASED ON IMPROPERLY SCORED LEGISLATIVE SENTENCING GUIDELINES AND, ACCORDINGLY, VIOLATED THE MANDATES OF THE GUIDELINES AND FEDERAL AND STATE CONSTITUTIONAL REQUIREMENTS OF U.S. CONST., AMS V, XIV; CONST. 1963, ART 1, § 17, 20, REQUIRING RESENTENCING.

II. DEFENDANT MUST BE RESENTENCED BECAUSE INFORMATION SUBMITTED BY THE PROBATION DEPARTMENT ASSERTEDLY ON BEHALF OF THE VICTIM DID NOT CONFORM WITH THE REQUIREMENT FOR VICTIM IMPACT INFORMATION AND WAS NOT ATTACHED TO THE PRESENTENCING REPORT AS IS REQUIRED BY STATE AND FEDERAL CONSTITUTIONAL AND CODIFIED LAW; DEFENDANT IS ENTITLED TO RESENTENCING.

III. THE SENTENCING IN THIS CASE IS INVALID BECAUSE THE TRIAL COURT DID NOT EXERCISE MEANINGFUL DISCRETION AS TO THE MAXIMUM TERM FOR THE INSTANT NONMANDATORY LIFE OFFENSE, U.S. CONSTITUTION, AMS V, XIV; CONSTITUTION 1963, ART 1, § 17.

(Att. A-C to Pet., Page ID##27-29.)

## Discussion

### A. Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

### B. Sentencing errors

All three of Petitioner's grounds for relief involve alleged sentencing errors. In his first ground, he alleges that the sentencing court improperly scored the Michigan sentencing guidelines by assigning him ten points under Prior Record Variable (PRV) 5, MICH. COMP. LAWS § 777.55(1), 50 points on Offense Variable (OV) 13, MICH. COMP. LAWS § 777.43, and ten points on OV 4, MICH. COMP. LAWS § 777.34. In his second habeas ground, Petitioner claims that the probation department submitted information about the victim did not conform with the requirements under MICH. CT. R. 6.425(C) or MICH. COMP. LAWS § 780.751 et seq. Third, Petitioner asserts that the sentencing judge did not sufficiently exercise his discretion in fixing the maximum sentence at 40 years.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord*

*Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state-law sentencing errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Indeed, as Petitioner acknowledges, the maximum

sentence provided by statute is a nonmandatory life term or any term of years. In the instant case, the sentencing court set Petitioner's minimum sentence at 12 years, far less than the statutory maximum of life. Further, in accordance with its authority under MICH. COMP. LAWS § 769.9(2), the court set Petitioner's maximum sentence at 40 years, again less than the statutory maximum. As a result, Petitioner's claims clearly fall far short of the sort of egregious circumstances implicating due process.

Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues that the court's sentencing findings about the injury to the victim were not supported by the precise kind of victim-impact statement contemplated under the state statute and court rule and that the court misconstrued local ordinance violations as misdemeanors. A claim that the evidence relied upon was of the wrong type or that the finding was based on an error of state law falls far short of showing that the information was materially false.

In sum, Petitioner fails to show that the state-court's determination of Petitioner's claims were based on an unreasonable determination of the facts or were contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). He therefore fails to demonstrate entitlement to habeas relief.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A

petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: May 3, 2011                    /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge